FILED
SUPERIOR COURT
OF GUAM

2025 JAN 23 PM 4: 22

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| INSOO PAK,<br><br>                     Plaintiff,<br><br>      v.<br><br>BO HYUN MIN PAK,<br><br>                     Defendant. | DOMESTIC CASE NO. DM0682-07<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Enforce Court Orders and for Money Judgment OR, in the Alternative, Motion to Revive Judgment* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 17, 2024, for a hearing on the Defendant's Motion to Enforce Court Orders and for Money Judgment, or, in the Alternative, Motion to Revive Judgment, filed on June 27, 2024 ("Motion to Enforce"). Plaintiff Insoo Pak ("Plaintiff") appeared, represented by Attorney Jeffrey Cook, and Defendant Bo Hyun Min Pak also appeared, represented by Attorney Daron Berman.

Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order **GRANTING** Defendant's Motion to Enforce.

## BACKGROUND

On August 18, 2011, the Court filed the Interlocutory Judgment of Divorce and the Final Decree of Divorce (collectively, "Divorce Judgments") between the parties. Pursuant to the terms of the Divorce Judgments, Defendant was awarded:

1. Half of the parties' marital estate, valued at approximately $184,965.00;

2. $46,000.00 withdrawn from the parties' checking account;

3. Interest from the date the judgment was entered, at a rate of 6%;

4. The parties' Lexus automobile; and

5. Reasonable attorney's fees in the amount of $8,000, to be paid by Plaintiff.

Defendant alleges that Plaintiff left Guam after the Divorce Judgments were filed and never paid her any of the above amounts owed. Defendant further alleges that, upon recent discovery that Plaintiff had returned to Guam, she obtained counsel to bring this Motion to Enforce.

In the Motion to Enforce, Defendant argues three points. First, she argues that the Court's Decision and Order, Findings of Fact and Conclusions of Law ("FFCL"), and Divorce Judgments are enforceable court orders. Mot., at 3. Second, she argues that she is entitled to a money judgment as her community property interest in the parties' marital estate. *Id.*, at 3-4. Third, she argues that the Court should revive the Divorce Judgments, particularly the Interlocutory Judgment, if the Court finds that the Divorce Judgments operate similarly to a money judgment. *Id.*, at 4.

In opposition, Plaintiff argues that Defendant did not take any steps to enforce the Divorce Judgments or even attempt to contact Plaintiff "within the six (6) year statute of limitations established by Guam law under 7 GCA § 23106", and that the only step Plaintiff has taken is the Motion to Enforce now filed after twelve (12) years of inaction. Opp., at 1. Plaintiff asserts that he had only moved to Palau, that his e-mail address and Guam mailing address remained the same, and that he had an aunt in Guam who Defendant could have contacted. *Id.*, at 1-2. Plaintiff further asserts that Defendant provides no evidence that she made any effort to

contact him until recently learning he was back in Guam, and that he has been living in Guam for the past eight (8) years without contact from Defendant. *Id.*

In her reply, Defendant argues that the Court's orders were never modified or set aside and are still allegedly active, and that she is thus still entitled to her share of the marital estate. Defendant alleges that she sought out Plaintiff following the Court's September 10, 2010, FFCL awarding her the above amount. Defendant further alleges that, upon belief that Plaintiff had relocated to Korea, she hired a lawyer in Korea to assist her in enforcing the Guam orders, but said lawyer was unable to locate Plaintiff. She then also relocated from Guam to Korea in 2013. Defendant asserts that she was unable to reach Plaintiff through his aunt because the aunt was hostile to Defendant and expressly forbade Defendant to communicate with her. Defendant alleges that she relocated back to Guam on August 8, 2023, at which point she filed the Motion to Enforce.

## DISCUSSION

Guam law governing the execution of judgments in civil actions states that "[t]he party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement." 7 GCA § 23101. The statute of limitations may generally only be stayed or enjoined "by any judgment or order of Court, or by operation of law." *Id.* Ordinarily, the process to enforce any "judgment for the payment of money may be by a writ of execution, or in accordance with the Guam Code Annotated ["GCA"], provided, that the issuance of a writ of execution is not required." Guam Rules of Civil Procedure ("GRCP") Rule 69(a); 7 GCA § 23105. Upon review of the record, the Court finds that there has been no judgment or order of the Court, nor operation of law, that could be construed as staying or enjoining the execution of the Divorce Judgments in such a way that the five-year period of

execution would still be active. Thus, the Court finds that Defendant is no longer entitled to judgment as a matter of right. However, the Court may still allow a party to enforce a judgment six years or more after the entry of judgment, for the below reasons.

If a motion to enforce is brought after the five-year period, as here, statute dictates that "[i]n all cases the judgment may be enforced or carried into execution after the time lapse of six years from the date of entry, by leave of Court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings." 7 GCA § 23106. The Ninth Circuit has further held that the five-year term in 7 GCA § 23101 – then labeled Guam CCP § 681 – "is not a statute of limitations or repose; it merely provides a limited time within which the judgment creditor may obtain the writ of execution as a matter of right." *GEDA v. Ulloa*, 841 F.2d 990, 992 (9th Cir. 1988). After the five-year period expires, the judgment creditor is no longer entitled to the judgment by right, and thus, under 7 GCA § 23106 – then labeled Guam CCP § 685 – "the issuance of the writ calls for exercise of the trial court's discretion." *Id.* The Ninth Court found that the Court is entrusted with "broad discretion" in regard to this decision, as "we are convinced that this is what the [Guam] legislature intended." *Id.* at 993. The Court acknowledges Defendant's citation of *Doehla v. Phillips*, 151 Cal. 488 (1907), and *Demens v. Huene*, 89 Cal. App. 748 (1928), for the proposition that a trial court is generally allowed to execute older judgments. Reply, at 3-4. However, in exercising its discretion, the Court must determine what circumstances warrant an order to execute Guam judgments older than six years.

The Guam Supreme Court has not addressed the statute of limitations in the context of 7 GCA §§ 23101 and 23106. The Court notes the Supreme Court has held that "[t]he five-year enforcement statute used by the Superior Court to block the registration is designed to end

judgment enforcement efforts by neglectful parties," but the Court finds that holding to be dicta, as it was in reference to Alaskan statutes, not Guam statutes. *Harper*, 2014 Guam 9 ¶¶ 27-28. Thus, the Court looks, as Defendant did, to the holdings of the California courts in its application of 7 GCA §§ 23101 and 23106, as those statutes were adopted directly from California Code of Civil Procedure ("CCP") §§ 681 and 685, respectively, in 1953. The Court's decision and analysis is based on the evolution of these two California statutes from 1953 to today. Around the time of adoption, California courts generally held that executing a judgment after five years required the judgment creditor to show that they had exercised due diligence in attempting to enforce the judgment during the five-year period statutory period. "The cases interpreting section 685 relating to issuance of a writ of execution after five years from date of judgment, require the judgment creditor to have used due diligence in attempting to enforce the judgment within the five-year period, before he can avail himself of section 685." *Shapiro v. Cahill*, 219 Cal.App.2d 772, 775 (1963) (citing *John P. Mills Org. v. Shawmut Corp.*, 29 Cal.2d 863 (1947); *Butcher v. Brouwer*, 21 Cal.2d 354 (1942); *Kellow v. Lane*, 102 Cal.App.2d 821 (1951)). "The judgment creditor's failure during the first five years after entry of judgment to exercise diligence to discover leviable property of the debtor is sufficient to defeat the creditor's motion for a writ of execution made more than five years after entry of the judgment." *Rupp v. Rupp*, 129 Cal.App.2d 23, 24 (1954). "[California CCP 685] authoriz[es] the [trial] court to give a creditor an execution only if, during the five years following entry of judgment, he exercised due diligence in locating and levying upon property owned by the debtor, or in following available information to the point where a reasonable person would conclude that there was no property subject to levy within that time." *Macmillan Petroleum Corp. v. Griffin*, 116 Cal.App.2d 425, 430 (1953). "Whether or not a creditor has exercised due diligence is for the

trial court to determine in its discretion, and its determination will not be disturbed in the absence of a clear abuse of discretion." *Id.*

However, the California courts quickly relaxed the requirements for the execution of older judgments, expanding on the due diligence requirement while also allowing enforcement for judgment creditors who reasonably found that it was futile to execute against judgment debtors. "To enforce a judgment after the statutory period has expired a creditor must show that he exercised due diligence in attempting to enforce the judgment within the [five-year] period ... or that he acted reasonably in concluding that efforts to execute against the debtor would have been wasteful and futile." *Nutt v. Nutt*, 247 Cal.App.2d 166, 167-68 (1966). Around this time, the due diligence standard was also relaxed to allow "that a moving party under section 685 must make <u>at least a slight showing of some endeavor to collect a judgment</u>." *Lundgren v. Lundgren*, 238 Cal.App.2d 88, 93 (1965) (emphasis added). By 1988, the due diligence standard had relaxed to the point that the Ninth Circuit found that a party seeking enforcement of a judgment need not go so far as to exercise due diligence at all. *Ulloa*, 841 F.2d at 993. Thus, while the Court could ostensibly require Defendant to demonstrate due diligence consistent with the stance of the California courts at the time the statutes were adopted, the Court instead defers to the more modern wisdom of the Ninth Circuit and find that Defendant need only demonstrate that she made "at least a slight showing of some endeavor to collect a judgment," or "acted reasonably in concluding that efforts to execute against [Plaintiff] would have been wasteful and futile." *Lundgren*, 238 Cal.App.2d at 93; *Nutt*, 247 Cal.App.2d at 167-68. Upon consideration of Defendant's allegations that she attempted to locate Plaintiff in Korea via a Korean attorney and then decided to return to Korea rather than continue to locate Plaintiff, the Court finds that she has both made some showing of an attempt to collect the judgment and acted reasonably in

concluding that efforts to execute against Plaintiff would have been wasteful and futile. Thus, the Court finds that the Motion to Enforce is not automatically defeated for lack of due diligence on Defendant's part.

*Nutt* is relevant to the Court's analysis for another reason, as the judgment debtor in that case "removed himself from the State of California after the divorce" and the California court subsequently found that, "[b]y analogy with the statute of limitations, absence from the state of the judgment debtor and his property tolls the running of the time to seek a writ of execution and constitutes good reason for a failure to apply for the writ within the statutory period." *Id.*, at 168 (citing Cal. CCP § 351 ("If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action.")). Guam's adoption of California CCP § 351, 7 GCA § 11403, is nearly identical with the sole exception that all instances of "the State" are replaced with "Guam." The Court therefore defers to the California court's reasoning and likewise finds the five-year statute of limitations should be tolled for the period that Plaintiff was off island. In applying the California court's interpretation of Cal. CCP § 351 to this case, the Court recognizes that Cal. CCP § 351 has been found partially unconstitutional in very specific instances involving interstate commerce but notes that no interstate commerce has been alleged in this case, and that the statute remains valid in all other circumstances. *Mullan v. Daniels*, 2021 WL 1323421, at *5 (N.D. Cal. 2021).

Plaintiff alleges that he only lived in Palau from 2010 to 2016, after which he returned to Guam and has been living here "for the past eight (8) years." Pl. Decl., 1 (Sept. 12, 2024); Opp., at 1-2. Based on these allegations, the Court finds that, if the statute of limitations was tolled

during Plaintiff's residence in Palau, the five-year statutory period only began to run its course after he returned to Guam eight years ago. This essentially means that Defendant was entitled to execution of the judgment as a matter of right until approximately three years ago, as opposed to the far larger period of time espoused by Plaintiff. The Court notes Plaintiff's argument that Defendant could have attempted to make contact with Defendant when he returned to Guam, but also notes the unlikelihood of Defendant learning that Plaintiff had returned to Guam while she was living in Korea. In fact, Defendant has herself alleged that she was not aware of Plaintiff's presence in Guam until she returned to Guam in 2023.

Thus, taking into account the effort that Plaintiff made to find Defendant before she left Guam in 2013, the relatively short time since the end of the statutory period, and the difficulty, if not impossibility, of Defendant learning of Plaintiff's presence in Guam while she was in Korea, the Court finds that judgment should be carried into execution by leave of the Court pursuant to 7 GCA § 23106.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Enforce Court Orders. The Court further sets this matter for hearing on **March 20, 2025 at 11:00am** to address the Judgment.

**IT IS SO ORDERED** JAN 2 3 2025 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**